# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICKY HARVEY, CHRISTINE ANN HARVEY,**

          **Plaintiffs,**

**-vs-**                                                   **Case No. 6:07-cv-1641-Orl-DAB**

**LAKE BUENA VISTA RESORT, LLC,**

          **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT (Doc. No. 48)** |
| **FILED:** | **April 23, 2008** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part**. | |
| **MOTION:** | **MOTION FOR ATTORNEYS' FEES (Doc. No. 50)** |
| **FILED:** | **April 24, 2008** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

Plaintiffs have elected the remedies available under Count I of their Complaint, for violation of the Interstate Land Sales Full Disclosure Act, in the form of revocation or repayment of all money paid under the Purchase Agreement, *see* 15 U.S.C. § 1703(c)-(e); and, interest, court costs, reasonable attorney's fees, independent appraiser's fees, and travel to and from the lot. *See* 15 U.S.C. § 1709(c).

Doc. No. 47.  Thus, Plaintiffs are entitled to a final judgment in the amount of $77,800, plus pre-judgment interest calculated from August 27, 2007, the date they terminated the agreement, through the date of final judgment.  *See Stein v. Paradigm Mirsol, LLC,* __ F. Supp.2d __, 2008 WL 344492, *7 (M.D. Fla. Feb. 7, 2008) (awarding pre-judgment interest ILSFDA claim from the date the plaintiffs provided written notice to developer that they were terminating the agreement and demanded the return of deposit); *see* Doc. No. 10 at 6 ("Notice of Termination of Condominium Purchase Agreement").

Plaintiffs also seek attorney's fees of $20,547.50 pursuant to 15 U.S.C. § 1709, and $386 in taxable costs. The attorney's fees amount is based on approximately 67 hours of attorney and paralegal time at $350 per hour for name partner work, $200 per hour for other attorney work, and $75 per hour for paralegal work; these rates and the hours billed are reasonable.  The costs set forth in the bill (doc. No. 51) are for the filing fee and service of the summons; these are also reasonable. Moreover, Defendant does not oppose the amounts sought or the form of final judgment, although it reserves its right to appeal the decision on the merits.  Doc. No. 52.

The Clerk is **DIRECTED** to enter judgment in favor of Plaintiffs and against Defendant as follows: Plaintiffs were entitled to terminate the Purchase Agreement on August 27, 2007, and are entitled to the return of $77,800.00 in deposits, plus  pre-judgment interest accrued thereon through May 21, 2008 in the amount of $18,309 (applying Florida's statutory interest rate to the dates and deposit amounts set forth, without objection, in Plaintiffs' motion). The Clerk is further **DIRECTED** to tax the Bill of Costs (*see* Doc. No. 51) and close the file.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record