# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RICKY HARVEY, CHRISTINE ANN HARVEY,**

        **Plaintiffs,**

**-vs-**                                    **Case No. 6:07-cv-1641-Orl-DAB**

**LAKE BUENA VISTA RESORT, LLC,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO STAY EXECUTION PENDING APPEAL (Doc. No. 57)** |
| **FILED:** | May 23, 2008 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |
| **MOTION:** | **MOTION FOR ENTRY OF AWARD OF ATTORNEY'S FEES (Doc. No. 58)** |
| **FILED:** | May 27, 2008 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. The Clerk is further **DIRECTED** to amend the cost judgment (Doc. No. 56) to reflect an award of $20,547.50 in attorney's fees and $386.00 in costs, for an **AMENDED** Cost Judgment of $20,933.50. | |

Defendant seeks an order allowing it to deposit $38,900 which is currently held in escrow at Wachovia Bank into the Court's Registry and deposit in cash in the Registry the remainder of the full

$96,109 Judgments (consisting of $77,800 and pre-judgment interest of $18,309) in order to stay execution pending its appeal of the underlying Judgment. Doc. No. 57. Plaintiff is partially unopposed to the relief sought, as long as all escrowed funds are deposited in the Court's Registry, and the balance of the required bond is posted in cash with the Clerk of Court. The parties disagree on the total amount of the bond, *i.e.*, the portion of the deposit to cover potential interest and costs of the appeal.

> As stated by the Eleventh Circuit, to stay execution of the judgment by bond:
>
> The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir.1979). It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor. *See id.* at 1191.

*Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986); *see* FED. R. APP. P. 7 ("in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."). Although here Defendant seeks to post a cash deposit, the distinction is of no moment. *See Poplar*, 600 F. 2d at 1191 (noting that the Court has discretion to "order security other than the bond").

The parties' disagreement centers on the amount of the bond for expenses that accrue in the course of the appeal. Defendant contends that the bond amount should be 110% of the $117,042.50 total judgment amount, or $128,746.75[1]. Doc. No. 62. Plaintiff argues that the appropriate additional amount is $15,000 in appellate attorney's fees and $25,749.35 for two years of post-judgment interest,

---

[1] Defendant states that the amount it has calculated is based on the local rule of a different district court, and although not binding in the Middle District of Florida, should be followed in the absence of a specific local rule. Doc. No. 62. That argument is rejected in light of Eleventh Circuit precedent that the amount of the bond is "within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." *Prudential Ins.*, 781 F.2d at 1498.

or a total bond of $157,791.85. Doc. No. 59. Defendant argues that two years of interest is excessive and unnecessary. The Court will require a total bond of the judgments ($117,042.50) with a 25% cushion.

It is therefore **ORDERED** that Defendant shall be allowed to deposit a total bond of **$146,303.12** into the Court's Registry as security in order to stay execution for the Judgments awarded in this case of $117,042.50 (consisting of $77,800 plus pre-judgment interest of $18,309, plus the amended cost judgment of $20,933.50) pending its appeal of the underlying judgment; a portion of which may be satisfied by the **$38,900** plus accrued interest currently escrowed at Wachovia Bank (currently maintained by the Escrow Agent, Land America Gulf Atlantic Title), with the rest in cash. The stay is effective upon the receipt of the deposits by the Clerk of Court. Defendant is **DIRECTED** to abide by the Federal Rule of Civil Procedure 67 and the requirements of Local Rule 4.16. The Clerk is **DIRECTED** to deposit the cash amounts in a special interest bearing account, and shall maintain said account, until the funds are disposed of by subsequent Order.

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record